UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

**Nos. 21-2443, 21-3039, 21-3040, 21-3041, 22-1074,
22-1075, 22-1406, 22-1407, 22-1408, 22-1409, & 22-2131**

Ostrander v. Trans Union LLC
Smith v. Transunion LLC
Kauffmann v. Transunion LLC
Bennett v. Transunion LLC
Anderson v. Trans Union LLC
Gibbs v. Trans Union LLC
Darryl Walker v. Trans Union LLC
Marie Walker v. Trans Union LLC
Jackson v. Trans Union LLC
Holland v. Trans Union LLC
Sigler v. Trans Union LLC

**APPELLANTS-PLAINTIFFS RESPONSE IN OPPOSITION TO ORDER TO SHOW CAUSE AS TO SUMMARY REVERSAL WITH CROSS-MOTION TO SEVER WITH SEPARATELY STAY AND REQUEST FOR SUPPLEMENTAL BRIEFING BOTH RE: *OSTRANDER***

Following this Honorable Court's *Bibbs* mandate-entered in favor of (there as well as here) Appellee-Defendant, Trans Union, LLC, this Court issued its Order to Show Cause as to why the above-captioned matters should not be summarily adjudicated.

Appellants-Plaintiffs respectfully oppose summary adjudication and instead request all of these remaining, related appeals be severed and stayed from *Ostrander*. Ostrander requests supplemental briefing prior to its full merits adjudication regarding the distinguishment as between *Bibbs*. Prior to *Bibbs'* mandate, *Ostrander* was fully briefed.

Therein *Ostrander's* briefing and record, this Court will note that *Ostrander* regards an "account paid" as opposed to *Bibbs'* "account transferred."

Both matters (*Bibbs* and *Ostrander*) are actions brought under the Fair Credit Reporting Act ("FCRA") contending the FCRA violated for Trans Union's inaccurate credit reporting.

In *Bibbs*, the account at issue regarded Bibbs' assertion as inaccurate given the account was *transferred* to a third party. That third-party (i.e., data "furnisher") paid the transferring party for the account. Notwithstanding the furnisher having been paid that furnisher still reported Bibbs as having a delinquent balance.

This Court held in *Bibbs* that while perhaps a technical flaw in Bibbs' credit report, when the credit report was viewed as a whole a reasonable reader would not view that flaw sufficient to violate the FCRA. Said differently, the "account transferred" was of no moment.

However, *Ostrander* was an "account paid." That is, Ostrander paid in full the reported account (i.e., prior debt) regardless that Trans Union still reported the debt as unpaid.

In Settles v. Trans Union, LLC, 2020 WL 6900302, *5 (M.D. Tenn. November 24, 2020), that district court – like this Court in *Bibbs* – held that Settles' account was merely transferred and not a violation of the FCRA.

However, citing Macik v. JP Morgan Chase Bank, N.A., 2015 WL 12999728 (S.D. Tex. May 28, 2015), report recommendation adopted, 2015 WL 12999727 (S.D. Tex. July 31, 2015), the *Settles* court distinguished Settles' account transferred with Macik's account paid.

> Unlike the circumstances in this case, the *Macik* plaintiff paid the one in full before the account was closed. Accordingly, a report that was misleading in *Macik* is not necessarily misleading here where Plaintiff did not pay his loan in full – he defaulted. In both cases the reported loan balance is zero-dollars. In both cases, the loan account was closed. However, the difference between a loan paid in full by the borrow[er] and a loan in default is not insignificant.

In Smith v. Trans Union, LLC, 2021 WL 1061213 *3 (E.D.Pa. March 19, 2021) (citing *Settles*, at *4), our district court held likewise that there was a distinguishment between an account paid and an account transferred: denying Trans Union judgment on the pleadings. *See also*, Patterson v. Sterling Jewelers, Inc., 2021 WL 4592158, *3 (E.D. Pa. October 6, 2021).

*Ostrander* regards an account paid.  *Bibbs* regarded an account transferred.  There is a legal distinction between an account transferred and account paid precluding judgment on the pleadings requiring *Ostrander* be reversed by this Court.

That said, even if this court **preliminarily** does not distinguish accounts paid with accounts transferred: the distinguishment as elaborated by cases cited above cautions against summary adjudication.

Appellants-Plaintiffs above request *Ostrander* be merits adjudicated.  *Ostrander* was fully briefed prior to *Bibbs'* mandate.  Given *Bibbs'* import on *Ostrander*, this Court is requested leave to supplement *Ostrander* solely as to *Bibbs*.

Appellants-Plaintiffs also request that the remaining above-captioned appeals be ongoing stayed.  If this Court ultimately holds no difference between accounts paid and accounts transferred then the remaining appeals may be considered for summary adjudication.

WHEREFORE, Appellants-Plaintiffs above respectfully request this Honorable Court sever *Ostrander* for merits adjudication with the above-captioned remaining appeals be ongoing stayed until *Ostrander's* mandate.  It is also requested that *Ostrander* be granted leave towards supplemental briefing prior to merits submission.

In viewing the credit report as a whole thereexists both a legal and factual distinction between an account transferred (*Bibbs*) and account paid (*Ostrander*): the district court below should be reversed as to its holding in favor of judgment on the pleadings (thereby dismissing *Ostrander*).

                                **WEISBERG LAW**

                                */s/ Matthew B. Weisberg*
                                Matthew B. Weisberg, Esquire
                                Attorney for Plaintiffs/Appellants

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

**Nos. 21-2443, 21-3039, 21-3040, 21-3041, 22-1074,
22-1075, 22-1406, 22-1407, 22-1408, 22-1409, & 22-2131**

Ostrander v. Trans Union LLC
Smith v. Transunion LLC
Kauffmann v. Transunion LLC
Bennett v. Transunion LLC
Anderson v. Trans Union LLC
Gibbs v. Trans Union LLC
Darryl Walker v. Trans Union LLC
Marie Walker v. Trans Union LLC
Jackson v. Trans Union LLC
Holland v. Trans Union LLC
Sigler v. Trans Union LLC

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 12th day of October, 2022, a true and correct copy of the foregoing Appellants-Plaintiffs Response in Opposition to Order to Show Cause as to Summary Reversal with Cross-Motion to Stay and Request for Supplemental Briefing Re: Ostrander was served via ECF, upon the following parties:

Camille R. Nicodemus, Esquire
William M. Huse, Esquire
Jason Skoczulek Roberts, Esquire
Katherine E. Carlton-Robinson, Esquire
Peter R. Wickard, Esquire
Evan R. Rutter, Esquire
Kari A. Morrigan, Esquire
Debra Miller, Esquire
Robert J. Schuckit, Esquire
Laura K. Rang, Esquire
Schuckit & Associates PC
4545 Northwestern Dr
Zionsville, IN 46077

Casey Green, Esquire
Sidkoff, Pincus & Green, P.C.
1101 Market Street
2700 Aramark Tower
Philadelphia, PA 19107

Daniel J.T. Mckenna, Esquire
Andrew M. Carobus, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street

Jakob F. Williams, Esquire
Jessica Reilly, Esquire
Zachary M. Kimmel, Esquire
Clark Hill PLC

51st Floor
Philadelphia, PA 19103-7599

Autumn Pividori, Esquire
Emma Rose Leonelli, Esquire
Mary Linn O'Rourke, Esquire
McGuire Woods LLP
260 Forbes Ave 18th Fl
Pittsburgh, Pa 15222

Jenna C. Hutchinson, Esquire
Avrohom C. Einhorn, Esquire Troutman Sanders LLP
875 Third Ave
New York, NY 10022

Corinne Samler Brennan, Esquire
Gregory R. Sellers, Esquire
Klehr, Harrison, Harvey, Branzburg, LLP
1835 Market Street
Suite 1400
Philadelphia, PA 19103

John Baptist Acierno, III, Esquire
Polsinelli PC
600 Third Avenue
New York, NY 10016

Two Commerce Square
2001 Market St Ste 2620
Philadelphia, PA 19103

Eric M. Hurwitz, Esquire
Laura Jean Persun, Esquire
Stradley Ronon Stevens & Young LLP
Liberty View Suite 100
457 Haddonfield Rd
Cherry Hill, NJ 08002

Richard J. Morgan, Esquire
Burr & Forman LLP
P.O. Box 11390
Columbia, SC 29211

Marc D. Cabrera, Esquire
Elizabeth F. Hayes, Esquire
Polsinelli PC
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201

Breeana J. Somers, Esquire
Duane Morris LLP
30 S 17th Street
Philadelphia, PA 19103

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs/Appellants