# United States Court of Appeals for the Third Circuit

**Nos. 21-2443, 21-3039, 21-3040, 21-3041, 22-1074, 22-1075, 22-1406, 22-1407, 22-1408, 22-1409 and 22-2131**

Ostrander v. Trans Union LLC
Smith v. Trans Union LLC
Kauffmann v. Trans Union LLC
Bennett v. Trans Union LLC
Anderson v. Trans Union LLC
Gibbs v. Trans Union LLC
Darryl Walker v. Trans Union LLC
Marie Walker v. Trans Union LLC
Jackson v. Trans Union LLC
Holland v. Trans Union LLC
Sigler v. Trans Union LLC

**TRANS UNION, LLC'S RESPONSE TO COURT'S ORDER REGARDING SUMMARY ACTION, DOC. NOS. 37, 18, 14, 14, 16, 21, 14, 15, 13, 17 AND 16, RESPECTIVELY**

SCHUCKIT & ASSOCIATES PC
Camille R. Nicodemus
4545 Northwestern Drive
Zionsville, IN 46077
(317) 363-2400, Ext. 105
*Attorneys for Defendant-Appellee*
*Trans Union, LLC*

Appellee Trans Union, LLC ("Trans Union"), by counsel, files this Response to the Court's Order regarding proposed summary action on eleven appeals stayed in this Court pending the outcome of the Court's recent decision in <u>Bibbs v. Trans Union, LLC</u>, 43 F.4th 341 (3rd Cir. 2022).

The Third Circuit in <u>Bibbs</u> affirmed the District Court's Orders granting Trans Union's Motions For Judgment On The Pleadings in the three cases consolidated in that matter and held that Trans Union's reporting was accurate as a matter of law. <u>Bibbs</u>, 43 F. 4th at 344. Those three cases, and these eleven, all involve false claims by consumers alleging that the Fair Credit Reporting Act is violated by reporting an historical late "pay status" on a closed account with a $0 balance because it could mislead a potential creditor to wrongly conclude that the consumer had a current obligation on the account. See <u>Bibbs</u> and Plaintiff-Appellant's Opening Brief in <u>Ostrander</u>, generally.[1]

The <u>Bibbs</u> Court's decision held that Trans Union's reporting, which mirrors Trans Union's reporting in the eleven cases at issue here, reflected historical

---

[1] Plaintiff incorrectly states in this matter that "Ostrander was fully briefed prior to Bibbs' mandate." See Plaintiff-Appellant's Response, Doc. No. 42, p. 3. However, only Plaintiff-Appellant's brief was filed in <u>Ostrander</u>, as the case was stayed prior to Defendant-Appellants' deadline to file a Response in <u>Ostrander</u>, and the other ten pending cases were stayed prior to any briefing. See <u>Ostrander</u> Doc. No. 36 (which includes Smith, Kauffmann, Bennett, Anderson and Gibbs) and Doc. Nos. 3 in Daryl Walker, Marie Darryl, Jackson and Holland and Doc. No. 15 in Sigler.

information that could not mislead a reasonable reader to believe that Plaintiff-Appellants were currently late. The Court's analysis rested on the same operative facts at issue here, including that:

> Appellants' reports contain multiple conspicuous statements reflecting that the accounts are closed and Appellants have no financial obligations to their previous creditors. These statements are not in conflict with the Pay Status notations, because a reasonable interpretation of the reports in their entirety is that the Pay Status of a closed account is historical information.

Id. at 344.

In Ostrander, as in Bibbs, Plaintiff's Truist Bank account was reporting as Closed, with a $0 balance.[2] See Plaintiff-Appellant's Opening Brief, Doc. No. 23, p. 4. That information conspicuously reflects, as the Bibbs Court similarly held, that Plaintiff has no current obligation to his creditor, and therefore the late pay status notation could not mislead a creditor to believe that the consumer had a current obligation. Applying the same reasoning as this Court did in Bibbs, "a reasonable interpretation of the reports in their entirety is that the Pay Status of a closed account is historical information." Bibbs, at 344.[3]

---

[2]  The relevant facts are the same in all of the other ten related cases, i.e., the accounts are reporting as closed with $0 balances.

[3]  Plaintiff-Appellant falsely states here that the "furnisher still reported Bibbs as having a delinquent balance," when, in fact, the account was reporting with a $0 balance, as Plaintiff-Appellant in Bibbs conceded in their brief and the Court noted. Compare Plaintiff's Response, Doc. No. 42, p. 2 (emphasis added), Plaintiff-Appellant's Opening Brief in Bibbs, Doc. No. 20-1, fn. 7 and Bibbs, at 337.

Plaintiff-Appellants' counsel in Bibbs, Ostrander and the related cases argued to this Court in Bibbs, that whether the consumer's account was brought to zero because she paid it off or because the balance was transferred to a new lender has no impact on whether the late pay status is, or is not, misleading. Plaintiff's Brief in Bibbs argued that:

> [w]hen 'furnishers' view a credit report, zero-balance entries either will or will not clarify misleading '120 days past due' entries. How the account balances got to zero does not seem relevant to whether the '120 days past due' entries reflect current as opposed to historical information.

See Plaintiff-Appellant's Brief, Doc. No. 20-1, p. 42.

Plaintiff-Appellant's counsel also argued to this Court in support of his Motion For Stay in Ostrander pending the outcome of Bibbs, that "[t]he adjudication of the Bibbs, et al., consolidated appeals may and likely will bear directly upon the adjudication of the instant appeal." See Doc. No. 19, p. 2.

Notwithstanding having made that argument, Plaintiff-Appellant now seeks to reverse course and argue that the Bibbs holding does not extend to the facts at issue in Ostrander, et al. However, Plaintiff fails to make any argument that would explain how a creditor could be misled to believe a closed account with a $0 balance is a current obligation simply because the Plaintiff paid off the account at the time it was closed when the Third Circuit has held that a closed account with a $0 balance cannot, as a matter of law, misleadingly suggest a current obligation and it did so

Page 3 of 6

without relying on the fact that the consumer's account had been transferred, rather than paid off by the consumer. See Plaintiff's Response, generally, and Bibbs, at 344. Plaintiff's citations to District Court cases, including those outside this Circuit, are unavailing in light of this Court's holding in Bibbs, which by its reasoning also applies to Ostrander, et al. Id.

Plaintiff-Appellant also falsely (and inexplicably) states that the Bibbs Court held that there was "perhaps a technical flaw in Bibbs' credit report," see Plaintiff's Response, p. 2, which is an observation never made by this Court and is directly contrary to the Court's central analysis, that "[e]ven if the information on Appellants' credit reports is technically accurate, is a reasonable creditor that reads Appellants' credit reports in their entirety likely to incorrectly believe that Appellants currently owe their respective former creditors payments?" The Bibbs Court concluded that they would not, because "the reports, as is, are clear." Bibbs, at 344 (emphasis added).

For the reasons set forth above, Trans Union respectfully submits that this matter is suitable for summary adjudication in light of the Court's decision in Bibbs. If the Court determines that full briefing of this matter is warranted, Trans Union does not oppose a stay of the ten related cases, while briefing on Ostrander proceeds in order to promote efficiencies for the Court and the parties.

Dated:    October 26, 2022
        Zionsville, IN

        Respectfully submitted,

        */s/ Camille R. Nicodemus*
        SCHUCKIT & ASSOCIATES PC
        Camille R. Nicodemus
        4545 Northwestern Drive
        Zionsville, IN 46077
        (317) 363-2400, Ext. 105

        *Attorneys for Defendant-Appellee*
        *Trans Union, LLC*

## CERTIFICATE OF SERVICE

I certify that on October 26, 2022, I caused the foregoing Trans Union, LLC's Response To Court's Order Regarding Summary Action, Doc. Nos. 37, 18, 14, 14, 16, 21, 14, 15, 13, 17 and 16 to be filed through the Court's electronic case filing (ECF) system. Pursuant to Third Circuit Rule 27.2(b), the resulting Notice of Docket Activity generated by the ECF system constitutes service on counsel for the parties.

Dated:　　　October 26, 2022
　　　　　　　Zionsville, IN

　　　　　　　　　　　　　　　　　　　　　/s/ Camille R. Nicodemus
　　　　　　　　　　　　　　　　　　　　　Camille R. Nicodemus