# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

### No. 21-2443

_____

### JOSEPH OSTRANDER

#### Appellant,

### V.

### TRUIST BANK AND TRANS UNION LLC,

#### Appellees.

_____

## DEFENDANT-APPELLEE TRUIST BANK'S
## RESPONSE IN SUPPORT OF SUMMARY ACTION

_____

Matthew B. Weisberg, Esquire
Weisberg Law P.C.
7 South Morton Avenue
Morton, PA 19070
T: (610) 690-0801

*Attorney for Appellant,*
*Joseph Ostrander*

Daniel JT McKenna, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
T: (215) 665-8500

*Attorney for Appellee,*
*Truist Bank*

Camille R. Nicodemus, Esquire
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
T: (317) 363-2400

*Attorney for Appellee,*
*Trans Union LLC*

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

--------------------------------------------------------------------------------------------------

JOSEPH OSTRANDER,             :

                               :

        Plaintiff-Appellant,   : CASE NO. 21-2443

                               :

        v.                    : DISTRICT COURT
                               : NO. 5:20-CV-05227-EGS

TRUIST BANK and           :
TRANS UNION LLC,        :

                               :

        Defendants-Appellees.   :

--------------------------------------------------------------------------------------------------

**DEFENDANT-APPELLEE TRUIST BANK'S**
**RESPONSE IN SUPPORT OF SUMMARY ACTION**

On September 14, 2022, the Third Circuit Court of Appeals requested briefing to address whether summary action is appropriate in this and ten other appeals in light of the recent decision in <u>Bibbs v. Trans Union LLC</u>, 43 F.4th 331 (3d Cir. 2022). On October 12, 2022, Plaintiff-Appellant Joseph Ostrander ("Appellant") filed a response opposing summary adjudication and requesting supplemental briefing in this matter. Defendant-Appellee Truist Bank ("Truist") hereby responds in support of summary adjudication of this matter and in opposition to Appellant's opposition to summary adjudication.

**I.    INTRODUCTION**

On August 8, 2022, the Third Circuit Court of Appeals held that credit reports must be viewed as a whole, and data on a credit report may not be read in isolation,

when evaluating a cause of action under the federal Fair Credit Reporting Act ("FCRA"). <u>Bibbs</u>, 43 F.4th at 344. The logic of <u>Bibbs</u> clearly applies to this case, and summary adjudication is therefore appropriate.

The only distinction between this case and <u>Bibbs</u> is that the account in <u>Bibbs</u> was allegedly paid in full after it was transferred to a third party while the account here was not transferred to a third party before it was allegedly paid in full. That has no impact on the legal propriety of reviewing the entire credit report when evaluating the viability of an FCRA claim, and <u>Bibbs</u> thus controls. Summary adjudication is thus appropriate and Appellant's request for additional briefing should be denied.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Appellant's Truist account 5262**** (the "Account") was paid off in December 2013. Compl., ¶¶ 8-10.[1] Truist furnished information to Defendant-Appellee Trans Union LLC ("Trans Union") showing the Account was "CLOSED," had a $0 balance, was closed on December 1, 2013, and had a last payment made December 1, 2013. <u>Id</u>. Appellant claims Truist also reported that the Account had a "maximum delinquency of 60 days in 12/2013." <u>Id</u>.

---

[1]    A true and correct copy of Appellant's Complaint is attached hereto as Exhibit A.

The October 22, 2018 Trans Union credit report, which was attached to the Complaint, shows the Account as follows:

| Date Opened: | Responsibility: | Account Type: | Loan Type: |
|---|---|---|---|
| 03/01/2010 | Individual Account | Installment Account | AUTOMOBILE |
| Balance: | Date Updated: | Payment Received: | Last Payment Made:: |
| $0 | 12/01/2013 | $13,922 | 12/01/2013 |
| High Balance: | Pay Status: | Terms: | Date Closed: |
| $25,683 | >Account 60 Days Past Due Date< | $554 per month, paid Monthly for 63 months | 12/01/2013 |

Maximum Delinquency of 60 days in 12/2013

Remarks: CLOSED

Compl., Exhibit B.

On October 20, 2020, Appellant instituted filed a civil action complaint against Truist and Trans Union in the United States District Court for the Eastern District of Pennsylvania alleging that reporting the historical late information was misleading and thus violated the FCRA.  On July 30, 2021, the District Court granted Truist and Trans Union's motions for judgment on the pleadings.

## III.    ARGUMENT

### A.    The <u>Bibbs</u> Decision Applies.

Appellant argued that the pay status of "Account 60 Days Past Due Date" suggested that his account was "currently" past due.  He claimed that when that entry is read alone and without the context of the other data, it "makes it look like [he] is still late on this account that was previously fully satisfied."  <u>Id</u>., ¶¶ 8-10.  The District Court ruled that this entry cannot be read in isolation and, when that entry was read in conjunction with the other data reported – including the entries showing

the Account was "CLOSED" on December 1, 2013, had a $0 balance, had a last payment made December 1, 2013, and had a "maximum delinquency of 60 days in 12/2013" – it was clear that the past due entry related to historical data and was not misleading.

In the consolidated actions, captioned <u>Marissa Bibbs v. Trans Union LLC</u>, Civil Action No. 21-1350 (3d Cir.), <u>Michael Parke v. Trans Union LLC</u>, Civil Action No. 21-1527 (3d Cir.) and <u>Fatoumata Samoura v. Trans Union LLC</u>, Civil Action No. 21-1530 (3d Cir.) ("<u>Bibbs</u>"), the Third Circuit confirmed that the District Court was correct in how it reviewed the credit report:

> A court applying the reasonable reader standard to determine the accuracy of an entry in a report must make such a determination by reading the entry not in isolation, but rather by reading the report in its entirety.

<u>Bibbs</u> at 342. Citing to the snapshot for the <u>Bibbs</u> account, the Third Circuit first noted certain conspicuous information that clearly demonstrated the account was closed, including "Date Closed: 04/05/2018" and "ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE.". <u>Id</u>. at 343.

The Third Circuit further held that when the context of a credit report makes plain that the account is closed, then no reasonable reader could interpret the pay status field is anything but historical:

> We apply the reasonable reader standard reading the report in its entirety…Appellants' reports contain multiple conspicuous statements reflecting that the accounts are

4

> closed and Appellants have no financial obligations to
> their previous creditors.  These statements are not in
> conflict with the Pay Status notations, because a
> reasonable interpretation of the reports in their entirety is
> that the Pay Status of a closed account is historical
> information.

Id.

The Third Circuit's conclusion in Bibbs is exactly the same conclusion the district court reached in Ostrander and summary adjudication is therefore appropriate.  See Capitol Presort Servs., LLC v. XL Health Corp., 175 F. Supp. 3d 430, 433 (M.D. Pa. 2016) ("Through summary adjudication, the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality").

Appellant cannot avoid that by arguing that Bibbs applies only to credit reports involving accounts that were transferred prior to payment and does not apply to credit reports involving accounts that were never transferred prior to repayment. Opposition at p. 1.  There is no rational argument that the mandate of Bibbs – that a credit report must be read in its entirety when evaluating an FCRA claim – would not apply to accounts that are not sold or transferred prior to repayment.  Nor does that factual distinction mandate a different result.

Indeed, District Courts have rejected exactly this argument.  In Holland v. Trans Union, LLC, the Eastern District of Pennsylvania rejected this distinction and followed the rationale of Bibbs to dismiss the claim.  574 F. Supp. 3d 292 (E.D. Pa

2021). The credit report in <u>Holland</u> stated the following:

> (1) In the 'Remarks' field, the account is marked as 'Closed,' (2) in the 'Balance' field, the account is shown to have a $0 balance, (3) in the 'Last Payment Made' field, the account shows the last payment was made on '09/27/2017', (4) in the 'Date Closed' field, the account shows a 'Maximum Delinquency of 30 days' and that this delinquency occurred in '09/2017', and (5) in the 'Date Closed' field, the account is shown as being closed on '09/27/2017', the same date as the last payment.

<u>Id</u>. Stating the plaintiff "makes a mountain" out of the "pay status" field, but "it turns out this mountain is actually a mole hill," the Court determined that the credit report is neither inaccurate nor misleading when reading it as whole. <u>Id</u>. at 299.

In <u>Gibbs v. Trans Union LLC</u>, the Eastern District of Pennsylvania likewise applied the rationale of <u>Bibbs</u> to reject an identical claim. No. 2:21-cv-00667-JDW, 2021 U.S. Dist. LEXIS 185094 (E.D. Pa. Sept. 28, 2021). The <u>Gibbs</u> plaintiff had loans with Bank of America and Wells Fargo Bank, N.A., and paid both loans in full. <u>Id</u>. at *2. The credit report for the Bank of America Account reflected:

> (1) the balance on the account was $0; (2) the account was closed on July 16, 2013 and had a 'Maximum Delinquency of 120 days in 07/2013;' (3) the account's 'Pay Status' was 'Account 120 Days Past Due Date;' (4) the last payment on the account was made on July 16, 2013; (5) the account was 30 days late in April 2013, 60 days late in May 2013, and 90 days late in June 2013; and (6) under 'Remarks,' the account was described as 'CLOSED.'

<u>Id</u>. at **2-3. The credit report for the Wells Fargo account reflected:

> (1) the balance on the account was $0; (2) the account was

closed on June 4, 2013; (3) the account's 'Pay Status' was 'Account 30 Days Past Due Date;' (4) the last payment on the account, in the amount of $6,392, was made on June 4, 2013; (5) the account was current in February and March 2013 and 30-days past due in April and May 2013; and (6) under 'Remarks,' the account was described as 'DISP INVG COMP-CONSUM DISAGRS; CLOSED.'

Id. at *3.  The Court read the credit reports as a whole and ruled they are "susceptible to only one reading: she paid her accounts in full in 2013 but was delinquent on those accounts before she paid them."  Id. at *6.  In so doing, the Court rejected plaintiff's attempt to distinguish Bibbs because, in those cases, the "Remarks" field states the account was closed due to transfer, as opposed to just closed.  The Court considered the credit report in its entirety, specifically highlighting the language noting the delinquency on the Bank of America account occurred in November 2013 and on the Wells Fargo account in January 2013, in determining the information to be historical.  Id. at **8-9;[2] see also Young v. Equifax Info. Servs., LLC, No. 20-15283 (MAS) (DEA), 2021 U.S. Dist. LEXIS 207704 (D.N.J. Oct. 27, 2021) (when credit report data is viewed as a whole, it is clear that reporting is correct).

Courts outside of the Third Circuit have similarly ruled that credit reports must be viewed in their entirety when evaluating FCRA claims, regardless of whether the account reported was sold or transferred prior to payment, and that historical

---

[2]    Plaintiffs in Holland and Gibbs were represented by the same counsel that represents Appellant here.

reporting of accounts paid in full with the original creditor (i.e. never transferred) are accurate.  See, e.g., Hernandez v. Trans Union, LLC, No. 3:19-cv-01987-RV-EMT, 2020 U.S. Dist. LEXIS 249358 (N.D. Fla. Dec. 10, 2020) (credit report must be read as a whole when evaluating FCRA claim on an account paid in full with original creditor); Thomas v. Equifax Info. Servs., LLC, No. 3:19-cv-286, 2020 U.S. Dist. LEXIS 73344 (S.D. Ohio Apr. 27, 2020) (finding no reasonable person would be misled into believing plaintiff had any ongoing monthly obligation on a paid off installment loan when the account was reported closed with a zero-dollar balance); Jones v. Equifax Info. Servs., LLC, No. 18-2814, 2019 U.S. Dist. LEXIS 198943 (W.D. Tenn. Aug. 8, 2019) (finding credit report for automobile loan paid in full and closed with $0 balance that listed monthly payment not materially misleading because it was "accurate, historical information").

The cases cited by Appellant do not require a different outcome.  Appellant readily admits that Settles v. Trans Union LLC follows the Bibbs decision.  See Opposition at p. 2 ("[T]hat district court – like this Court in *Bibbs* – held that Settles' account was merely transferred and not a violation of the FCRA.")  Settles's reference to Macik v. JP Morgan Chase Bank, N.A. is immaterial – Macik drew a distinction between loans paid in full after transfer and a loan not transferred to a third party, but then refused to consider the entire credit report when evaluating the claim.  That contradicts Bibbs, and most courts have dismissed Macik because they

"find the opinions confirming the accuracy of the tradelines in the context of the entire credit report more persuasive." See Bibbs, Civil Action No. 20-4514, 2021 U.S. Dist. LEXIS 32893, at *18 (E.D. Pa. Feb. 23, 2021).

Smith v. Trans Union LLC likewise does not support Appellant's position. No. 20-4903, 2021 U.S. Dist. LEXIS 51937, at *2 (E.D. Pa. Mar. 19, 2021). Although the Court denied Trans Union's motion for judgment on the pleadings, the Court still considered the credit data on the whole and further observed that the trade line at issue did not contain a historical remark, stating:

> It is also not indisputably accurate to say that the notation is a remark on the historical pay status of the account. An historical remark would say something to the effect that 'at one time in the past the account was past due,' or 'paid in full at end when account was 60 days past due,' rather than indicating, as it does in this case, 'Pay Status: 60 Days Past Due.'

Id. at *10. The Ostrander credit report contains this *historical* remark, with Truist reporting that the Account had a "[m]aximum delinquency of 60 days in 12/2013," and therefore the Smith decision actually favors Truist and summary adjudication under Bibbs.

Patterson v. Sterling Jewelers Inc. also favors Truist and summary adjudication under Bibbs. In Patterson, the plaintiff claimed that the payment status of "late 120 days" was inaccurate and misleading because his account was closed when his debt was transferred and the payment obligations had ceased. No. 21-cv-

2138, 2021 U.S. Dist. LEXIS 192698, at *1 (E.D. Pa. Oct. 6, 2021).  In reviewing the credit report as a whole, the Court determined:

> When reading the report as a whole and in context, it is clear that Plaintiff is not currently late on any payment owed to Defendant as the debt was transferred in full to another creditor at the closing of the account. To find otherwise would require the Court to ignore the '$0' balance, the date closed, the date updated, and the remark indicating that the maximum delinquency of 120 days occurred in March and April of 2015, 6 years before Plaintiff filed the Complaint. Just as this Court cannot read the word 'currently' where it does not appear, it cannot ignore credit information indicating the historical status of the payment information.

Id. at **6-7.  Thus, Patterson also followed Bibbs in reviewing the credit report as a whole.  Appellant's reliance on these cases to oppose summary adjudication is misplaced as the courts confirm the propriety of reviewing the entirety of the credit report.  Thus, Bibbs applies, and should be applied, here.

## IV.    CONCLUSION

The logic and rationale of the <u>Bibbs</u> decision applies equally to accounts that are transferred prior to payment and accounts that are never transferred prior to payment. The factual difference between these types of accounts has no impact on how the accuracy of the data must be evaluated.  Accordingly, Truist respectfully submits that summary adjudication is appropriate.


                                        Respectfully submitted,


Dated: October 26, 2022                 */s/ Daniel JT McKenna*_____
                                        Daniel JT McKenna, Esq.
                                        mckennad@ballardspahr.com
                                        BALLARD SPAHR LLP
                                        1735 Market Street, 51st Floor
                                        Philadelphia, PA  19103-7599
                                        Telephone: 215.665.8500
                                        Facsimile: 215.864.8999

                                        *Attorney for Defendant-Appellee,*
                                        *Truist Bank*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH OSTRANDER** : | |
| : | |
| : | **CIVIL ACTION COMPLAINT NO**. |
| Plaintiff, : | |
| : | **JURY TRIAL OF TWELEVE (12)** |
| : | **DEMANDED** |
| v. : | |
| : | |
| **TRANS UNION LLC** : | |
| : | |
| **and** : | |
| : | |
| **BRANCH BANKING AND TRUST** : | |
| **COMPANY** : | |
| Defendants. : | |

## COMPLAINT

NOW comes the Plaintiff, Joseph Ostrander (hereinafter the "Plaintiff"), through their Counsel of record to make their allegations known against the Defendants by and through their complaint that alleges the following:

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act)

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3.      Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because Defendant in this matter resides in the state of Pennsylvania as defined under 28 U.S.C. §1391 (c)(2) based upon information and belief.

## **PARTIES**

4.      Plaintiff is a natural person and is a citizen of the United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.      Defendant, Trans Union, LLC, (hereinafter Trans Union) is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Trans Union's main corporate office is held in Philadelphia, Pennsylvania.

6.      Defendant, Branch Banking and Trust Company, (hereinafter, BB&T) is a for profit company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. BB&T is a financial institution actively conducting business in Pennsylvania.

## **FACTUAL ALLEGATIONS**

7.      Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

8.      Plaintiff's BB&T account # 5262**** was fully satisfied on or about December 1, 2013 which brought it current with a $0 balance.

9.       TransUnion's report dated 10/22/2018 reported Plaintiff's BB&T account with a "Pay Status: Account 60 Days Past Due Date".

2

10.     Although Plaintiff's account was fully satisfied, Plaintiff's Trans Union report dated 10/22/2018 reported the "Pay Status: Account 60 Days Past Due Date".  It is impossible and incorrect for an account that was fully satisfied which brought it current with a "0" balance as of to still be reporting as late as of 10/22/2018. Not only is the BB&T account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously fully satisfied.

11.     As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Trans Union, dated 08/14/2018 (Please see Exhibit A). As a result of Plaintiff's dispute, BB&T verified the account as accurate and instructed Trans Union to continue to report the inaccurate credit information (Please see Exhibit B). Trans Union continued to report the inaccurate credit information at the instructions of BB&T. Plaintiff's latest Trans Union credit report dated 10/22/2018 is currently reporting the same inaccurate information that was disputed on 08/14/2018.

12.     Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it knew or should have known the information was incorrect.

13.     BB&T did not provide a good faith investigation into the disputed account of Plaintiff.

14.     Trans Union did not provide a good faith investigation into the disputed BB&T account.

15.     The BB&T account is not only inaccurate, but it is also misleading, which the Fifth Circuit has addressed. The Fifth Circuit has ruled that a credit report is inaccurate on its face if it is so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988)(a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions").

16. Trans Union has a statutory duty to have reasonable procedures to assure maximum accuracy. Their procedures regarding this reporting are not assuring accuracy, much less maximum accuracy.

17. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, their credit repayment history, their financial responsibility as a debtor and their credit worthiness. This information was furnished by BB&T and reported by Trans Union, misrepresenting the payment rating and/or status of Plaintiff's account, and is currently being reported and reflected upon Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering and increasing Plaintiff's damages.

18. Plaintiff's credit reports, credit information and file formulated by Trans Union have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by BB&T and reported by Trans Union is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

19. As a result of Defendants, Trans Union and BB&T's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

20. As a result of Defendants conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

21. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

23.     Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

24.     This suit is based upon the Defendants violations of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff has suffered.

## COUNT I—VIOLATION OF THE FAIR REPORTING ACT

25.     Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

26.     This suit is brought against all Defendants as the damages made the basis of this suit were caused by their violations of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any

requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) any actual damages sustained by the consumer as a result of the failure; and
(2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### *TransUnion's FCRA Violations*

27.    Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Trans Union to reinvestigate the inaccurate reporting of their account via detailed and thorough dispute letter

28.    The dispute was detailed, thorough and informed Trans Union of all the relevant information regarding the inaccuracies of the account and provided enough information to show the account was being reported inaccurately.

29.    Trans Union did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

30.    This account was fully satisfied, and Trans Union is currently reporting Plaintiff's account with a "$0" balance but currently past due. It is impossible for Plaintiff to make "$0" payments to bring the account current. With this type of reporting, Plaintiff will never be able to bring the account current.

31.    Trans Union was notified and made aware of the specific issues from the dispute letter. It should have been easy for Trans Union to determine that the account was extremely inaccurate with the information that was provided.

32.    The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable

investigation. If Trans Union would have properly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted this proper investigation they would have corrected or deleted the Plaintiff's account that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

(a)  Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15  U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)  promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)  promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

33.     Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

34.     Plaintiff's account was fully satisfied, but Trans Union continued to report the account with a late/past due status. If Trans Union had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance, after the account was paid off and brought current. Trans Union should be reporting the account as "current" and not "past due." This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that this account was paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

(a)  Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

35.  Trans Union has been on notice that reporting an account with a $0 balance and a late status is not accurate. Trans Union was a co-defendant in *Macik v. JPMorgan Chase Bank, N. A., et al.*: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44). Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier. Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

8

36.     The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA. Trans Union knows this because they were a co-defendant and had counsel present when the jury verdict was rendered as well as receiving an ECF copy of the ruling.

### ***BB&T's FCRA Violations***

37.     Defendant, BB&T, violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiff's notice through a dispute letter and failing to delete or correct the inaccurate information. After receiving a dispute notice from Trans Union, Defendant, BB&T, did not conduct a complete, accurate or reasonable investigation into the disputed issue. BB&T verified the inaccurate information that was disputed from a detailed and thorough dispute letter. BB&T should have discovered that the information they are providing the Credit Reporting Agencies was not accurate. BB&T knew of their current faulty reporting because Plaintiff's account was fully satisfied with a $0 balance. Had Defendant, BB&T properly investigated Plaintiff's dispute, they would have corrected the reporting to a current status. It is impossible for Plaintiff to make "$0" payments to bring their account current. BB&T was made fully aware of the inaccurate reporting and failed to correct or delete the account.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute"

under 15 U.S.C. §1681s-2(b) reads:

a.  After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

i.   conduct an investigation with respect to the disputed information:

ii.  review all relevant information provided by the

9

consumer reporting agency pursuant to section 1681i(a)(2) of this title;

iii.  report the results of the investigation to the consumer reporting agency;

iv.  if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

v.  if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly

i modify that item of information
ii delete that item of information
iii permanently block the reporting of that item of information

### ***Third Parties have viewed Plaintiff's Trans Union's Credit Report***

38.  The negative tradeline(s) reported by BB&T on Plaintiff's Trans Union Credit report have been viewed by third parties all to the detriment and loss of the Plaintiff.

39.  Plaintiff has suffered actual harm as seen by denial letters (Please see Exhibit C and Exhibit D) due to Trans Union still reporting the negative tradeline provided by BB&T on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

40.  The conduct of Defendants was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount

of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

## DEMAND FOR JURY TRIAL

41.     Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants based on the following requested relief:

a.  Actual damages pursuant to 15 U.S.C. §1681;

b.  Statutory damages pursuant to 15 U.S.C. §1681;

c.  Punitive damages pursuant to 15 U.S.C. §1681;

d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

BY: _/s/ Matthew Weisberg_          BY: _/s/ Gary Schafkopf_
MATTHEW B. WEISBERG, ESQ         GARY SCHAFKOPF, ESQ
WEISBERG LAW                     SCHAFKOPF LAW, LLC
Attorney ID No. 85570            Attorney ID No. 83362
7 South Morton Ave. 19070        11 Bala Ave
Morton, PA                       Bala Cynwyd, PA 19004
610-690-0801                     610-664-5200 Ext 104
Fax: 610-690-0880                Fax: 888-238-1334
DATED: 10-20-2020                DATED: 10-20-2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Joseph Ostrander | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Trans Union LLC, et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 10-20-2020 | Gary Schafkopf, Esq | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Joseph Ostrander

## DEFENDANTS

Trans Union LLC and Branch Banking and Trust Company

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Schafkopf Law, LLC, 11 Bala Ave Bala Cynwyd PA 19004; 610-664-5200
Weisberg Law, 7 S. Morton Morton PA 19070; 610-690-0801

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff
- [x] 3  Federal Question
*(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
Defendant
- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [x] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1681

Brief description of cause:
Suit based on Violations of the Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
10/20/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ GARY SCHAFKOPF

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year     Yes ☐     No ☐
    previously terminated action in this court?

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit     Yes ☐     No ☐
    pending or within one year previously terminated action in this court?

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier     Yes ☐     No ☐
    numbered case pending or within one year previously terminated action of this court?

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights     Yes ☐     No ☐
    case filed by the same individual?

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____/s/ Gary Schafkopf_____    _____
                                  *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    ***Federal Question Cases:***

☐    1.    Indemnity Contract, Marine Contract, and All Other Contracts
☐    2.    FELA
☐    3.    Jones Act-Personal Injury
☐    4.    Antitrust
☐    5.    Patent
☐    6.    Labor-Management Relations
☐    7.    Civil Rights
☐    8.    Habeas Corpus
☐    9.    Securities Act(s) Cases
☐    10.   Social Security Review Cases
☐    11.   All other Federal Question Cases
             *(Please specify):* _____

**B.**    ***Diversity Jurisdiction Cases:***

☐    1.    Insurance Contract and Other Contracts
☐    2.    Airplane Personal Injury
☐    3.    Assault, Defamation
☐    4.    Marine Personal Injury
☐    5.    Motor Vehicle Personal Injury
☐    6.    Other Personal Injury *(Please specify):* _____
☐    7.    Products Liability
☐    8.    Products Liability – Asbestos
☐    9.    All other Diversity Cases
             *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐    Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
       exceed the sum of $150,000.00 exclusive of interest and costs.

☐    Relief other than monetary damages is sought.

DATE: _____    _____/s/ Gary Schafkopf_____    _____
                                  *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# EXHIBIT A

EXHIBIT A

August 14, 2018

RE:    Joseph Ostrander



My DOB:
MY SSN:              2633

Attn TransUnion Dispute Department:

    I am sending you this dispute letter on behalf of my client listed above. The following account(s) has a balance of $0 with a late status. This is simply incorrect. If my client owes them no money and has no payments that are behind, then it is impossible for their current status to be listed as late. Please see below, as well as attached copies of the accounts on the report:

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| BB&T | 5262**** | Account 60 Days Past Due Date | $0 |

    If this incorrect information is not removed or corrected from my client's credit report further action might be instituted under 15 U.S.C. § 1681. The data furnisher that we are disputing above has a lengthy history of FCRA violations, which that can be proven by viewing PACER. Please let this serve notice that the information that they have in the past, as well as the current credit data that they are providing you is inaccurate and cannot be trusted. If necessary or required, we will obtain local and licensed counsel to aid in this matter. Please respond to this dispute by sending your investigation results to my law firm, McCarty & Raburn Law Firm, A Consumer Law Firm PLLC, 3000 Custer Road, Suite 270 #1501, Plano, TX 75075.

Sincerely,

Jonathan Raburn

3000 CUSTER ROAD, SUITE 270 # 1501 | PLANO, TX 75075

National Toll Free: (877) 994-3289;  Baton Rouge: (225) 412-2777; Dallas: (214) 296-9240; Miami: (305)
507-9200;  Atlanta: (678) 935-7424;  Philadelphia: (610) 968-1133 Tyler: (214) 296-9240

# EXHIBIT B

EXHIBIT B



| | Online Dispute Service

# Credit Report and Request Details



**Current File**

File Number:

████0252

Report Date:

10/22/2018

Name:

JOSEPH M. OSTRANDER

Address:

████████████████

## Credit File Details

You may see that TransUnion has enriched your credit report with additional personal and financial information not previously retained in our production database. This data can enable you and your creditors to see a more complete picture of how you have managed your credit over time.

### PERSONAL INFORMATION

You have been on our files since 01/01/2000

SSN: ████2633                          Date of Birth: ████

☑ Your SSN has been masked for your protection.

Names Reported: JOSEPH M. OSTRANDER and JOSEPH MICHAEL OSTRANDER



**BRANCH B&T #**████████**5262\*\*\*\***
223 WEST NASH ST
WILSON, NC 27893
(888) 562-6228

| | | | |
|---|---|---|---|
| Date Opened: | Responsibility: | Account Type: | Loan Type: |
| 03/01/2010 | Individual Account | Installment Account | AUTOMOBILE |
| Balance: | Date Updated: | Payment Received: | Last Payment Made:: |
| $0 | 12/01/2013 | $13,922 | 12/01/2013 |
| High Balance: | Pay Status: | Terms: | Date Closed: |
| $25,683 | >Account 60 Days Past Due Date< | $554 per month, paid Monthly for 63 months | 12/01/2013 |

Maximum Delinquency of 60 days in 12/2013

Remarks: CLOSED

Estimated month and year that this item will be removed: 09/2020

|  | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 |
|---|---|---|---|---|---|---|---|
| Rating | 30 | 30 | X | X | X | X | X |

| 04/2013 |  | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 |
|---|---|---|---|---|---|---|---|
| X | Rating | X | X | X | X | OK | 30 |

| 09/2012 | 08/2012 |  | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 |
|---|---|---|---|---|---|---|---|
| 30 | 30 | Rating | 30 | X | OK | 30 | X |

| 02/2012 | 01/2012 | 12/2011 |  | 11/2011 | 10/2011 |
|---|---|---|---|---|---|
| X | X | X | Rating | X | OK |



# EXHIBIT C



**DENIAL NOTICE**

<span style="color:red">EXHIBIT C</span>

**21st MORTGAGE CORPORATION**
NMLS 2280

### Customer File #: ████████ Date: 7/10/2017

**Applicant:** Joseph Michael Ostrander

| | | | |
|---|---|---|---|
| **Placement Info** | | **Retailer Info** | |
| Subject Property Address: | 137 Wielder Lane | Retailer Number: | **N/A** |
| | Lititz, PA 17543 | Retailer Name: | **N/A** |
| Placement Type: | Community | | |

| | | | |
|---|---|---|---|
| **Home Info** | | **Loan Info** | |
| Collateral Type: | Chattel | Total Package Price: | **$29,500.00** |
| Unit Status: | Used | Cash Down Payment: | **$2,500.00** |
| | | Net Trade Allowance: | |
| | | Equity %: | **8.47** |

**We regret that we must decline the referenced application due to the following reason(s):**
**Applicant**
- Garnishment, Attachment, Foreclosure, Repossession, Collection Action, or Judgment
- Delinquent Past or Present Credit Obligations with Others

Thank you for considering 21st Mortgage as your home lender. We recognize that the home buying or refinancing process can sometimes be challenging and a little confusing. We would like to do what we can to make the process easier for you. **We think we can find a program that can work for you.**

We cannot accommodate the loan terms you requested. We believe we can approve a loan for you with different terms, subject to verification that your income amount and source remain consistent with the information on your credit application, you do not incur more debt, you continue to pay your current obligations on time, and the home you wish to finance falls within our guidelines as being acceptable. In other words, if you choose to reapply for a loan with different terms, we will need to review your application again to make certain no material has changed and your income meets our minimum debt ratio and disposable income requirements.

We can reconsider with:
- 35% down

If any of the above alternatives are acceptable to you, please resubmit updated information reflecting those changes.

**Primary Contact**
<u>Loan Originator</u>

*Joe Connard, PA License #31061*
*Phone: 1-800-955-0021 ext 1030*
*Fax: 1-888-440-4520*
*JoeConnard@21stmortgage.com*

Please visit www.21strepos.com to see our bank owned repossessions!

---

21st Mortgage Corporation NMLS #2280 • 620 Market Street, Suite 100, Knoxville, TN 37902
1-800-955-0021 • www.21stmortgage.com • Joe Connard NMLS #160546

# EXHIBIT D



**EXHIBIT D**

# DENIAL NOTICE

## Customer File #: ▮▮▮▮▮▮▮  Date: 7/11/2018

**Applicant:**    Joseph M Ostrander

**Placement Info**

| | | |
|---|---|---|
| Subject Property Address: | To Be Determined | |
| | Lancaster, PA 17602 | |
| Placement Type: | Community | |

**Retailer Info**

| | |
|---|---|
| Retailer Number: | **1345/1** |
| Retailer Name: | **SUPERIOR HOMES** |

**Home Info**

| | |
|---|---|
| Collateral Type: | Chattel |
| Unit Status: | New |

**Loan Info**

| | |
|---|---|
| Total Package Price: | **$74,150.00** |
| Cash Down Payment: | **$5,000.00** |
| Net Trade Allowance: | |
| Equity %: | **6.74 %** |

**We regret that we must decline the referenced application due to the following reason(s):**
**Applicant**
- Garnishment, Attachment, Foreclosure, Repossession, Collection Action, or Judgment
- Delinquent Past or Present Credit Obligations with Others
- Number of recent inquiries on credit bureau report

Thank you for considering 21st Mortgage as your home lender. We recognize that the home buying or refinancing process can sometimes be challenging and a little confusing. We would like to do what we can to make the process easier for you. **We think we can find a program that can work for you.**

We cannot accommodate the loan terms you requested. We believe we can approve a loan for you with different terms, subject to verification that your income amount and source remain consistent with the information on your credit application, you do not incur more debt, you continue to pay your current obligations on time, and the home you wish to finance falls within our guidelines as being acceptable.

We can reconsider with:
- 20% down on a new/used home or 20% down on a 21st Mortgage repo.

If any of the above alternatives are acceptable to you, please contact your Loan Originator, Carla Mackie.

**Primary Contact**
Credit Manager

*Carla Mackie, PA License #51085*
*Phone: 1-800-955-0021 ext 1150*
*Fax: 1-877-312-2100*
*CarlaMackie@21STMORTGAGE.com*

Please visit www.21strepos.com to see our pre-owned homes!

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

-------------------------------------------------------------------------------------------------

JOSEPH OSTRANDER,              :
                                        :

        Plaintiff-Appellant,    : CASE NO. 21-2443
                                          :
            v.                 : DISTRICT COURT
                                        : NO. 5:20-CV-05227-EGS

TRUIST BANK and          :
TRANS UNION LLC,       :
                                        :

        Defendants-Appellees.  :

-------------------------------------------------------------------------------------------------

## ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of Defendant-Appellee Truist Bank's Response in Support of Summary Action, it is hereby **ORDERED** and **DECREED** that Plaintiff-Appellant Joseph Ostrander's appeal is **DISMISSED** with prejudice.

**SO ORDERED:**

_____
United States Third Circuit Court Judge

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

-------------------------------------------------------------------------------------------------

JOSEPH OSTRANDER,                          :
                                           :
      Plaintiff-Appellant,    : CASE NO. 21-2443
                                           :
      v.                      : DISTRICT COURT
                                           : NO. 5:20-CV-05227-EGS
TRUIST BANK and                            :
TRANS UNION LLC,                           :
                                           :
      Defendants-Appellees.   :

-------------------------------------------------------------------------------------------------

## CERTIFICATE OF SERVICE

      I hereby certify that on October 26, 2022, I caused a true and correct copy of the foregoing Defendant-Appellee Truist Bank's Response in Support of Summary Action to be served upon the following counsel of record *via* ECF as follows:

| **MATTHEW B. WEISBERG** | **CAMILLE R. NICODEMUS** |
|---|---|
| Weisberg Law PC | Schuckit & Associates, PC |
| 7 South Morton Avenue | 4545 Northwestern Drive |
| Morton, PA 19070 | Zionsville, IN 46077 |
| mweisberg@weisberglawoffices.com | cnicodemus@schuckitlaw.com |
| | |
| *Attorney for Plaintiff-Appellant,* *Joseph Ostrander* | *Attorney for Defendant-Appellee,* *Trans Union LLC* |

                                     */s/ Daniel JT McKenna*
                                     Daniel JT McKenna